[Dkt. No. 18]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| GENERAL MOTORS LLC, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>JOSEPH ASHTON,<br><br>　　　　Defendant. | Civil No. 20-12659-RBK-KMW |

**<u>ORDER</u>**

　　THIS MATTER having come before the Court on Defendant Joseph Ashton's Motion for Leave to Appear *Pro Hac Vice* [Dkt. No. 18], seeking the *pro hac vice* admission of Bradley D. Simon, Esquire and Ben J. Kusmin, Esquire; and the Court having reviewed the moving papers; and

　　THE COURT NOTING that pursuant to Local Civil Rule 101.1(c)(1), an attorney who is not eligible for plenary admission to this Court "may in the discretion of the Court, *on motion*, be permitted to appear and participate in a particular case." L. Civ. R. 101.1(c)(1) (emphasis added). Furthermore, Local Civil Rule 7.1 sets forth requirements for the presentation of motions and required filings, including the Notice of Motion and a brief or statement in lieu thereof, among

others. *See generally* L. Civ. R. 7.1(b), 7.1(d). Defendant's filing, though filed electronically as a motion, consists only of a proposed Consent Order and Certifications in support of the application for *pro hac vice* admission from the applicants. The submission therefore does not comply with Local Civil Rule 7.1.[1]; and

THE COURT NOTING that Local Civil Rule 101.1(c)(1) requires a *pro hac vice* motion to include "a certified statement of the applicant disclosing each bar in which the applicant is a member *in good standing including the year of admission and the name and address of the official or office maintaining the roll of such members of its bar*." L. Civ. R. 101.1(c)(1) (emphasis added). In the alternative, the Rule permits an applicant to submit, in lieu of this information, "a certificate of good standing issued by the person or office maintaining the roll of the members of its bar." *Id.*; and

THE COURT NOTING that Ben J. Kusmin's Certification in support of the application for *pro hac vice* admission states that he is "admitted to practice" in the Southern and Eastern Districts of New York, the District of Colorado, and the United States Supreme Court, but does not state that he is a member in

---

[1] *See* L. Civ. R. 7.1(b)(1) ("Unless a Judge or Magistrate Judge advises the attorneys otherwise, all motions, regardless of their complexity and the relief sought, shall be presented and defended in the manner set forth in L. Civ. R. 7.1.").

good standing before these courts and does not provide "the name and address of the official or office maintaining the roll of such members" of those bars. [Dkt. No. 18-1]; and

THE COURT NOTING that Bradley D. Simon's Certification states that he is "admitted to practice" in the District of Columbia, the Southern, Eastern and Northern Districts of New York, the District of Connecticut, the District of New Jersey, the U.S. District Court for the District of Columbia, the United States Courts of Appeals for the Second and Third Circuits, and the United States Supreme Court.  [Dkt. No. 18-2].  Mr. Simon does not state, however, that he is a member in good standing before these courts, does not provide the years of admission, and does not provide "the name and address of the official or office maintaining the roll of such members" of those bars.  *Id.*  Moreover, if Mr. Simon is admitted to this Court, as he so Certifies, he is neither required nor eligible to be admitted *pro hac vice* in this Court.  *See* L. Civ. R. 101.1(c)(1) (stating that "[a]ny member in good standing of the bar of any court of the United States or of the highest court of any state, who is not under suspension or disbarment by any court *and is ineligible for admission to the bar of this Court under L. Civ. R. 101.1(b)*, may in the discretion of the Court, on motion, be permitted to appear and participate in a particular case.").

Thus, if Mr. Simon is admitted to this Court, he must enter his appearance as an attorney of record[2]; and

THE COURT FINDING that, for the foregoing reasons, Defendant's Motion does not comply with the applicable Rules of this Court. Defendant must correct these irregularities in order for the Motion to proceed,

Accordingly, for the reasons set forth above,

IT IS on this **11th** day of **January, 2021**,

**ORDERED** that Defendant's Motion for Leave to Appear Pro Hac Vice [Dkt. No. 18] is hereby **DENIED WITHOUT PREJUDICE**. Defendant is granted leave to timely submit a complete and revised Motion which complies with Local Civil Rule 101.1(c)(1) and Local Civil Rule 7.1.

                                         s/ Karen M. Williams
                                         KAREN M. WILLIAMS
                                         UNITED STATES MAGISTRATE JUDGE

cc: Hon. Robert B. Kugler

---

[2] Mr. Simon's Certification raises an additional question on this issue, as he does not state that he is admitted to practice in the State of New Jersey, which is a prerequisite to admission to this Court. *See* L. Civ. R. 101.1(b). This discrepancy must be rectified in Defendant's subsequent motion.