# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

James E. Marina
To Call Writer Directly:
+1 212 446 4877
james.marina@kirkland.com

300 North LaSalle
Chicago, IL 60654
United States

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

May 25, 2021

**Via Electronic Filing & Federal Express**

The Honorable Sharon A. King
U.S. District Court - District of New Jersey
Camden Vicinage
Mitchell H. Cohen & U.S. Courthouse
Court Room 3C
4th & Cooper Streets
Camden, NJ 08101

Re:   *General Motors, LLC, et al. v. Joseph Ashton*, Case No. 1:20-cv-12659-RBK-KMW

Dear Magistrate Judge King:

I write on behalf of Plaintiffs General Motors LLC and General Motors Company (collectively, "GM") to seek the Court's assistance under Local Rule 37.1(a)(1) in resolving a discovery dispute in this matter. We respectfully seek either a telephone conference with the Court or permission to file a motion to compel Defendant's compliance with Federal Rule of Civil Procedure 26(f)(1), which requires that the parties confer "as soon as practicable" and discuss a plan for discovery.[1]

In December 2020, we contacted Defendant's counsel multiple times to schedule a Rule 26(f) conference. Defendant's counsel declined such a conference, citing Defendant's pending motion to dismiss. *See* Exhibit A. Given the passage of time and the growing prospect of evidence dissipation discussed below, on May 20, 2021, we again asked Defendant's counsel to agree to a Rule 26(f) conference and counsel confirmed his position has not changed. *See* Exhibit B.

---

[1] *See Scott v. Graphic Commc'ns Int'l Union, Local 97-B*, 92 F. App'x 896, 901–02 (3d Cir. 2004) ("Rule 26(f) does not require the parties to delay conferring until after a scheduling conference has been held. . . . . The responsibility for arranging this conference and initiating discovery is placed squarely on the shoulders of the attorneys of record and not on the district court.").

Beijing   Boston   Dallas   Hong Kong   Houston   London   Los Angeles   Munich   New York   Palo Alto   Paris   San Francisco   Shanghai   Washington, D.C.

## KIRKLAND & ELLIS LLP

Magistrate Judge King
May 25, 2021
Page 2

Defendant has not moved to stay discovery, nor do we believe there is is "good cause" to do so.[2] By refusing to confer under Rule 26(f), Defendant has imposed an effective seven-month unilateral discovery stay. Defendant's motion to dismiss affords Defendant no such right: "it is well settled that the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay."[3] "Having filed their complaint [P]laintiffs have a right to move forward."[4]

A prompt Rule 26(f) conference is particularly important in this case, which involves an admitted years-long bribery scheme, an admitted criminal kickback scheme, and allegations that Defendant received clandestine bribes from co-conspirators through overseas accounts. *See, e.g.*, Am. Compl. ¶¶ 37–53, 55–61. There is a real risk that assets may be dissipated, and "the longer the case languishes the greater chance exists that relevant evidence may be lost or destroyed."[5] For example, just recently, Jeffrey Pietrzyk, a key UAW participant in this conspiracy passed away.[6] Mr. Pietrzyk worked directly with Mr. Ashton, including as Mr. Ashton's administrative assistant, in a years-long conspiracy "to devise a scheme to defraud the CHR and UAW members" and to "personally enrich themselves by deceptively soliciting, influencing, and obtaining contracts" in exchange for "hundreds of thousands of dollars in bribes and kickbacks." *See* Exhibit C (Ashton's Rule 11 Plea Agreement, No. 19-cr-20738 (ECF No. 11)); *see also* First Am. Compl., at ¶¶ 27, 44, 47–48, 53, 103–104 (ECF No. 7)(referencing such a scheme).  GM has therefore forever lost its opportunity to question Mr. Pietrzyk about his extensive involvement in the facts underlying GM's claims. Defendant should not be permitted to further prejudice GM by delaying discovery and risking further evidence dissipation or spoliation.

---

[2] *See Maher Terminals, LLC v. Port Auth. of New York & New Jersey*, No. CIV.A. 12-6090 KM, 2013 WL 2253532, at *3 (D.N.J. May 22, 2013).

[3] *Adriana Castro, M.D., P.A. v. Sanofi Pasteur Inc.*, No. CV 11-7178 (JLL), 2012 WL 12918261, at *2 (D.N.J. July 18, 2012) (denying motion to stay discovery).

[4] *Udeen v. Subaru of Am., Inc.*, 378 F. Supp. 3d 330, 333 (D.N.J. 2019) (denying motion to stay discovery).

[5] *Id.*

[6] *See* Department of Justice, "Former International UAW President Dennis Williams Sentenced to Prison for Embezzling Union Funds" (May 11, 2011), https://www.justice.gov/usao-edmi/pr/former-international-uaw-president-dennis-williams-sentenced-prison-embezzling-union ("Former senior UAW official Jeffrey 'Paycheck' Pietrzyk passed away before being sentenced.").

## KIRKLAND & ELLIS LLP

Magistrate Judge King
May 25, 2021
Page 3

      We thus respectfully seek an Order compelling Defendant to participate in a Rule 26(f) conference as soon as practicable or alternatively, either a telephone conference with the Court or leave to file a motion to compel Defendant to comply with Rule 26(f) and "confer about discovery," which is "clearly required" by the Federal Rules.[7] We thank the Court for its attention to this matter.

Sincerely,

*s/James E. Marina*
James E. Marina

cc:    Rodman E. Honecker, Esq. (via ECF)

---

[7] *Scott*, 92 F. App'x at 901-02.