UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| GENERAL MOTORS LLC, and GENERAL MOTORS COMPANY,<br><br>        Plaintiffs,<br><br>  v.<br><br>JOSEPH ASHTON,<br><br>        Defendant. | CASE No.: 20-cv-12659<br>Honorable Robert Kugler<br>District Court Judge<br><br>Honorable Karen Williams<br>Magistrate Judge |

## DEFENDANT JOSEPH ASHTON'S SUPPLEMENTAL BRIEF IN SUPPORT OF HIS MOTION TO DISMISS THE CLAIM OF BREACH OF FIDUCIARY DUTY

Rodman E. Honecker, Esq.
WINDELS MARX LANE &
MITTENDORF, LLP
120 Albany Street Plaza
New Brunswick, NJ 08901
*Attorneys for Defendant Joseph Ashton*

On the Brief:
    Bradley D. Simon, Esq. (*pro hac vice*)
    Ben J. Kusmin, Esq. (*pro hac vice*)

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES..................................................................... ii

I.    Michigan's Substantive Law Applies to the Breach of Fiduciary Duty
      Claim .................................................................................................. 1

      A.    The Statute of Limitations Defense Raises a Choice of Law Issue...... 1

      B.    Under New Jersey Choice of Law Rules, Michigan Law Applies....... 2

II.   The Breach of Fiduciary Duty Claim is Untimely Under Michigan's Statute
      of Limitations ..................................................................................... 6

III.  The Statute of Limitations Should Not be Tolled ........................................... 8

CONCLUSION ....................................................................................... 15

CERTIFICATE OF SERVICE............................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Caravaggio v. D'Agostini,*
166 N.J. 237, 765 A.2d 182 (2001) ..................................................................... 1

*Delphi Auto. PLC v. Absmeier*,
167 F. Supp. 3d 868 (E.D.Mich. Mar. 1, 2016) ................................................. 11

*Edelson V., L.P. v. Encore Networks, Inc.,*
2013 U.S. Dist. LEXIS 66192 (D.N.J. May 9, 2013) .......................................... 2

*Groth-Hill Land Co. v. Gen. Motors LLC,*
2013 U.S. Dist. LEXIS 103039 (N.D. Cal. July 23, 2013) ................................ 14

*Klaxon Co. v. Stentor Elec. Mfg. Co,*
313 U.S. 487 (1941) .............................................................................................. 2

*Levitt v. Riddell Sports (In re MacGregor Sporting Goods),*
199 B.R. 502 (D.N.J. Bankr. Nov. 27, 1995) ...................................................... 1

*McCarrell v. Hoffmann-La Roche, Inc.,*
227 N.J. 569 (2017) ..................................................................................... 2, 3, 5

*Moll v Abbott Laboratories*,
444 Mich. 1, 506 N.W.2d 816 (1993) ............................................................... 10

*MTK Food Services, Inc. v. Sirius America Ins. Co.*,
455 N.J. Super. 307, 189 A.3d 914 (App. Div. 2018) ......................................... 5

*Pitcock v. Kasowitz, Benson, Torres & Friedman, LLP,*
426 N.J. Super. 582, 46 A.3d 586 (App. Div. 2012) ........................................... 5

*Precious Creation, Inc. v. Mercantile Bank Mortg. Co., LLC,*
731 Fed. App'x 498 (6th Cir. 2018) ............................................................ 14, 15

*Sports Mgmt. Network v. Busch,*
2019 U.S. Dist. LEXIS 35663 (E.D. Mich. Mar. 6, 2019) ......................... 1, 2, 6

*State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*,
    107 F. Supp. 3d 772 (E.D. Mich. 2015) ............................................................. 12

*P.V. ex rel. T.V. v. Camp Jaycee*,
    197 N.J. 132 (2008) .............................................................................................. 4

*Trentadue v. Gorton*,
    479 Mich. 378, 738 N.W.2d 664 (2007) ......................................................... 1, 6

*Villareal v. R.J. Reynolds Tobacco Co.*,
    839 F.3d 958 (11th Cir. 2016) ........................................................................... 13

*Wiebel v. Morris*,
    2018 N.J. Super. Unpub. LEXIS 2673 (App. Div. 2018) .................................... 5

**Statutes**

MCL § 600.5805 ...................................................................................................... 1, 6

MCL § 600.5827 ...................................................................................................... 6, 7

MCL § 600.5829-5838 ................................................................................................. 6

MCL § 600.5855 ...................................................................................... 8, 9, 10, 13

N.J.S.A. 2A:14-1 .......................................................................................................... 1

**Other Authorities**

Restatement (Second) of Conflict of Laws § 142 ................................................... 2, 3

In response to the Court's request for supplemental briefing on 1) which forum's substantive law applies to the breach of fiduciary claim; 2) whether the claim is barred by the statute of limitations; and 3) whether the statute of limitations should be tolled, ECF 35 at 21, Defendant Joseph Ashton respectfully states as follows.

## I. Michigan's Substantive Law Applies to the Breach of Fiduciary Duty Claim

## A. The Statute of Limitations Defense Raises a Choice of Law Issue

Under New Jersey's choice-of-law rules, Michigan law should apply to GM's breach of fiduciary duty claim, which is plainly untimely under Michigan's statute of limitations.  The statute of limitations argument raises a choice-of-law issue, because New Jersey law differs from Michigan law in two key respects.  First, New Jersey law provides a six-year statute of limitations for a breach of fiduciary duty claim, *Levitt v. Riddell Sports (In re MacGregor Sporting Goods)*, 199 B.R. 502, 512 (D.N.J. Bankr. Nov. 27, 1995)(citing N.J.S.A. 2A:14-1), while Michigan law provides a three-year statute of limitations.  *Sports Mgmt. Network v. Busch,* 2019 U.S. Dist. LEXIS 35663, *21 (E.D. Mich. Mar. 6, 2019) (citing MCL § 600.5805). Second, New Jersey law applies the common law discovery rule, which can toll the applicable statute of limitations, *Caravaggio v. D'Agostini*, 166 N.J. 237, 245, 765 A.2d 182, 186 (2001), while Michigan law does not. *Trentadue v. Gorton*, 479 Mich.

378, 738 N.W.2d 664, 669-670 (2007).   Rather, Michigan applies only statutory tolling mechanisms, which are shorter than the otherwise applicable statutes of limitation. *Sports Mgmt.*, 2019 U.S. Dist. LEXIS 35663 at *22.   Because statutes of limitation are outcome determinative, there is a real conflict which must be resolved. *McCarrell v. Hoffmann-La Roche, Inc.*, 227 N.J. 569, 591 (2017)("Going forward, to avoid any confusion, we are establishing a bright-line rule: a conflict of law is present whenever the selection of one statute of limitations over another is outcome dispositive.").

## B. Under New Jersey Choice of Law Rules, Michigan Law Applies

A federal court sitting in diversity ordinarily applies the choice-of-law rules of the state in which the court sits to determine which state's law applies. *Edelson V., L.P. v. Encore Networks, Inc.,* 2013 U.S. Dist. LEXIS 66192, *40 (D.N.J. May 9, 2013) (*citing Klaxon Co. v. Stentor Elec. Mfg. Co,*, 313 U.S. 487, 496, (1941)). The New Jersey Supreme Court's recent decision in *McCarrell* provides the framework for determining which state's law provides the statute of limitations for a given claim.  227 N.J. at 591.

In *McCarrell*, the New Jersey Supreme Court adopted the Restatement (Second) of Conflict of Laws § 142 to analyze choice of law with respect to the statute of limitations issue. *McCarrell*, 227 N.J. at 574. As the *McCarrell* Court recognized, "[t]he essential purpose of substantive tort law is to provide a remedy to

a party who has been wronged, whereas the essential purpose of a statute of limitations is to encourage litigants to file timely claims and to bar the litigation of stale claims." *Id.* at 592 (citations omitted).

Restatement Section 142 begins with a presumption in favor of the forum state—here, New Jersey. Then, Section 142 instructs that:

> In general, unless the exceptional circumstances of the case make such a result unreasonable:
>
> (1) The forum will apply <u>its own statute of limitations barring the claim</u> [or]
>
> (2) The forum will apply <u>its own statute of limitations permitting the claim</u> unless:
>
> > (a) maintenance of the claim would serve no substantial interest of the forum; and
> >
> > (b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence.

*McCarrell, supra*, 227 N.J. at 592, quoting *Restatement (Second)* § 142. Under Section 142(2), a court considers whether maintenance of the claim would serve "no substantial interest" of New Jersey when the action—as here—would be timely under the New Jersey statute of limitations, but is barred by the statute of limitations of another state having a significant relationship to the parties and the occurrence. *See id.; see also McCarrell*, 227 N.J. at 599. In *McCarrell*, the action was timely under New Jersey's statute of limitations, but would have been barred under Alabama's statute of limitations, and thus, Restatement Section 142(2) applied. The

same analysis is necessary here, because GM's breach of fiduciary claim would be timely under New Jersey's statute of limitations, but would be barred under Michigan's—the critical question is whether New Jersey has any substantial interest in the maintenance of GM's breach of fiduciary claim, to establish the most significant relationship.

Under the most significant relationship standard, the law of the state of the injury is applicable unless another state has a more significant relationship to the parties and issues. *P.V. ex rel. T.V. v. Camp Jaycee*, 197 N.J. 132, 143 (2008). The following factors are also relevant to the analysis: (i) the place where the conduct causing the injury occurred, (ii) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (iii) the place where the relationship, if any, between the parties is centered. *Id.* at 141 (*quoting Restatement (Second)* § 145(2)(a)-(d)).

The allegations of the Amended Complaint make abundantly clear that Michigan is the only state with substantial interests in this claim. Each of the Plaintiffs, General Motors LLC and General Motors Company, is a citizen of Delaware and Michigan, with its principal place of business in Michigan. (AC ¶¶ 7-8) The breach of fiduciary duty claim arises out of acts and omissions allegedly committed by Mr. Ashton while he was a board member of General Motors in Michigan. (*Id.* ¶¶ 2, 5, 34). Those breaches include an alleged failure to disclose an

alleged bribery scheme orchestrated by FCA, a Michigan company, (*id.* ¶¶ 10, 114), and a kickback scheme that occurred in Michigan and defrauded the CHR, a Michigan tax-exempt corporation. (*Id.* ¶¶ 20, 37-53, 114). As a result of these breaches, which allegedly enabled the 2015 collective bargaining process to be corrupted, *id.* ¶¶ 4-5, "GM was forced to incur billions of dollars in increased labor costs," *id.* ¶ 5, which were paid to UAW-represented GM employees in Michigan.

The fact that Ashton is a New Jersey resident does not counsel a different result. *See Pitcock v. Kasowitz, Benson, Torres & Friedman, LLP*, 426 N.J. Super. 582, 46 A.3d 586 (App. Div. 2012)(applying shorter New York statute of limitations in case brought by a New Jersey resident); *MTK Food Services, Inc. v. Sirius America Ins. Co.*, 455 N.J. Super. 307, 189 A.3d 914 (App. Div. 2018)(applying shorter Pennsylvania statute of limitations in legal malpractice action); *Wiebel v. Morris*, 2018 N.J. Super. Unpub. LEXIS 2673, *20-22 (App. Div. 2018)(applying shorter SOL to bar claim under *McCarrell*). The *McCarrell* Court emphasized that, "when the forum state has *no interest* in the litigation and the claim is barred by another state's [shorter] statute of limitations, the forum state generally should not entertain the claim" in order to discourage "egregious examples of forum shopping." *Id.* 596 (*citing Restatement (Second)* § 142, comment g.). It follows that Michigan's three-year statute of limitations for breach of fiduciary duty should be applied here.

## II.    The Breach of Fiduciary Duty Claim is Untimely Under Michigan's Statute of Limitations

Michigan has a three-year statute of limitations for breach of fiduciary duty claims. *Sports Mgmt.,* 2019 U.S. Dist. LEXIS 35663 at *21 (citing MCL § 600.5805).   The calculation of the statute of limitations is governed by MCL § 600.5827, which provides that, "the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results."[1] Under Michigan law, a plaintiff cannot invoke the common law discovery rule to claim that his cause of action first accrues when he knew or should have known of the breach because "[t]he Michigan Supreme Court did away with the common law discovery rule in [*Trentadue*]." *Id.* at *22.   The Court in *Trentadue* found that the statutory scheme is "exclusive and thus precludes the common law practice of tolling accrual based on discovery in cases where none of the statutory tolling provisions apply." *Trentadue*, 738 N.W.2d at 670.

Applying the above principles, because GM filed its original complaint in this action on September 14, 2020, ECF No. 1, its claim for breach of fiduciary duty will be barred by the Michigan statute of limitations if its claim accrued more than three years earlier, *i.e.*, before September 14, 2017.

---

[1] MCL § 600.5829-5838 provides exceptions not applicable here.

The "Time of the Wrong"

GM's claim for breach of fiduciary duty accrued "at the time of the wrong upon which the claim is based," MCL § 600.5827. The Court must thus determine when the wrong underlying GM's breach of fiduciary claim occurred. The most obvious wrong alleged in the Amended Complaint is that FCA wrongly forced GM into an unfair CBA with the help of Joseph Ashton. (AC ¶¶ 99-100). As alleged by GM, it reached a tentative deal with the UAW on October 25, 2015; the deal was ratified by UAW membership on November 20, 2015, and it became effective on November 23, 2015. *Id.* ¶ 99. GM knew that it had been wronged at the time it entered into the deal, claiming that it was patterned after "the richest deal ever negotiated by the UAW" (MC ¶ 133) and that it would cost GM "over $1 billion more than the deal GM believed it had reached with the UAW." (AC ¶ 100) Even calculating the accrual in GM's favor, GM's cause of action for breach of fiduciary duty accrued as of the CBA effective date of November 23, 2015. In the absence of tolling GM had, at the latest, until November 23, 2018 to bring this claim.

Alternatively, the wrong underlying the breach of fiduciary duty claim may be considered Ashton's misrepresentations on GM's board of director questionnaires, which allegedly disguised his participation in the watch kickback scheme and the alleged CBA Scheme. AC ¶¶ 119-122. According to the Amended Complaint, the last of these questionnaires was completed on January 10, 2017. AC

¶ 119  Even if this final, allegedly misleading questionnaire response is deemed a discrete wrong giving rise to a breach of fiduciary duty claim, the three-year statute of limitations ran out on January 10, 2020, eight months before GM filed its original claim in this action.

Ashton's continuing receipt of kickback payments related to the CHR Scheme during his time serving on GM's board of directors might also be considered the "wrong" underlying the breach of fiduciary duty claim.  This theory would also be unavailing: As alleged in the Amended Complaint, these payments stopped in the fall of 2016. AC ¶ 52.  A three-year limitations period beginning with the last such payment would have run out in the fall of 2019.  In the absence of tolling, GM's claim for breach of fiduciary duty is therefore untimely under any of these theories of injury.

## III.    The Statute of Limitations Should Not be Tolled

A plaintiff may be able to toll the statute of limitations by two years if it establishes the requirements of Michigan's equitable tolling statute, MCL § 600.5855, which provides as follows:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

MCL § 600.5855.  **Thus, by dint of the tolling statute,** if Defendant Ashton fraudulently concealed his breach of fiduciary duty, then GM had two years to file its claim (but not the original three years) from the time it "discover[ed], or should have discovered" the claim.  *Id.*  As explained below, this does not save GM's breach of fiduciary claim because any plausible discovery occurred, at the latest, in December 2017, and GM did not file its initial complaint in this action until September 14, 2020.

## GM Discovered Its Claim by December 2017 at the Latest

As alleged by GM, in July 2017 "the federal government unsealed a superseding indictment against Alphons Iacobelli" which "detailed a years-long pattern of illicit payments to and bribery of union officials by Iacobelli on behalf of FCA and FCA NV." AC ¶ 35.  At some unspecified time later in 2017, but apparently prompted by the Iacobelli indictment, "GM sought to interview Ashton related to the government's investigation into the CHR." (*Id.* ¶ 36)   Per GM, Ashton inappropriately rebuffed the interview request: "Despite GM policy requiring that Ashton submit to such an interview, Ashton refused and hired criminal counsel. GM advised Ashton that if he did not submit to an interview he would be acting inconsistent with his obligations as a director." (*Id.* ¶¶ 36, 105) "Shortly thereafter, in December 2017, Ashton resigned." (*Id.* ¶ 36)   By GM's own admission, it subjectively believed that Ashton was acting "inconsistent with his obligations as a

director" (*id.* ¶ 36) by refusing to submit to an interview, and hiring counsel, prior to his resignation in December 2017.  GM's claim for breach of fiduciary duty, however flawed, accrued when it developed its specific suspicion of Ashton in July 2017, or, at the latest, when Ashton "abruptly resigned" (*id.* ¶ 9) from GM's board of directors in December 2017.

GM argues that its claim first accrued, for the purposes of the equitable tolling statute, when the indictment of Michael Grimes was unsealed in the summer of 2019. Opp. Br. 47-48.  GM's own allegations, read in the light of Michigan case law interpreting § 600.5855, compel the conclusion that GM's cause of action accrued by December 2017.  In *Doe v. Archbishop*, the Michigan Court of Appeals applied § 600.5855 in evaluating the claims of a plaintiff who alleged that the Archdiocese had fraudulently concealed his claims of sexual abuse by the parish priest. 264 Mich. App. at 634-638. The Court found that the plaintiff knew or should have known he had a cause of action against the archdiocese years earlier, and rejected his claims as untimely under the statute. *Id.* 646-647. The Court held that "[f]or a plaintiff to be sufficiently apprised of a cause of action, a plaintiff need only be aware of a <u>possible</u> cause of action." *Doe,* 264 Mich. App. at 643 (*citing Moll v Abbott Laboratories*, 444 Mich. 1, 5, 506 N.W.2d 816 (1993)), and that the discovery rule "applies to the discovery of an injury, not to the discovery of a later realized consequence of the injury." *Id.* at 640.  It was no defense that the plaintiff did not yet know "the details

by which to establish his cause of action," *id.* at 647, because "[f]or a cause of action to accrue, the entire theory of the case need not be apparent, nor is certitude required." *Id.* at 646.

The elements of a cause of action for breach of fiduciary duty under Michigan law are (1) the existence of a fiduciary duty, and (2) a breach of that duty, (3) proximately causing damages. *Delphi Auto. PLC v. Absmeier*, 167 F. Supp. 3d 868, 884 (E.D.Mich. Mar. 1, 2016). As of December 2017, GM knew that Ashton had a fiduciary duty to GM by virtue of his position on the board of directors, which Ashton does not contest. It alleges that Ashton's refusal to submit to an interview about wrongdoing at the CHR was a violation of GM policy, and was "inconsistent with his obligations as a director." AC ¶ 36. While Ashton contests this, GM had a "possible" claim that Ashton had breached his fiduciary duty. GM also believes, and alleges in the Amended Complaint, that the compensation it paid to Ashton as a director is recoverable as damages for this breach. *See* AC ¶ 117. With this knowledge (or belief) of duty, breach, and damages, GM knew about a possible breach of fiduciary claim against Ashton in December 2017. GM's claim accrued at that point, whether or not it knew the extent of its alleged injuries or how it would prove them. *Doe,* 264 Mich. App. at 640, 647. Even if Ashton fraudulently concealed any wrongdoing prior to his departure from the GM board, which he contests, GM's

claim accrued by December 2017 and it had only until December 2019 to bring this claim.

## GM's Lack of Diligence Defeats Its Fraudulent Concealment Theory

Even if GM could establish that the relevant "discovery" for purposes of the equitable tolling statute was the unsealing of the Grimes indictment in the summer of 2019, Opp. Br. 47-48, GM cannot benefit from the Michigan equitable tolling statute unless it can establish its "exercise of due diligence <u>until</u> discovery of the facts." Opp. Br. 46-47; *State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 107 F. Supp. 3d 772, 793 (E.D. Mich. 2015).  GM has failed to allege facts supporting diligence, with respect to either the watch kickback scheme, or the discovery of the alleged offshore accounts.

GM suggests that its diligence included pushing aggressively for discovery in the Michigan Action, and that the denial of its requests delayed its discovery of the offshore account evidence. Karis Dec. ¶ 11. But the facts place the blame for GM's lack of diligence squarely with GM. GM did not issue discovery demands or bring its discovery motion in the Michigan Action until January 2020, *see* Michigan ECF Nos. 31, 40, 48-2, 55, or hire its private investigators until April 2020. (Karis Dec. ¶ 8).  All of this activity occurred more than two years after Ashton resigned from GM's board of directors in December 2017. As one federal appeals court has observed in a similar analysis, "a plaintiff who does nothing for two years is not

diligent." *Villareal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 972 (11th Cir. 2016).

With respect to its discovery of Ashton's involvement in the commemorative watch scheme, GM also fails to allege any real diligence following Ashton's resignation from the GM Board in December 2017. AC ¶¶ 35-36. GM does not allege that it took any action whatsoever to follow up with him, to investigate his activities at the CHR, to investigate the vendor of the watches, or anything else. It did none of these things in the two years following Ashton's abrupt resignation from the GM board, despite wanting to interview him in 2017 "related to the government's investigation into the CHR." AC ¶ 36. GM knew at that time that Ashton had served on the board of the GM-funded CHR during the relevant period, and was "responsible for or had influence over the approval of contracts." *Id.* ¶ 3. Rather than investigate its suspicions that Ashton was involved in wrongdoing at the CHR, it appears that GM prioritized its RICO lawsuit against the Fiat Chrysler entities and Alphons Iacobelli throughout 2018 and 2019, and simply forgot about Ashton. GM has not alleged the necessary diligence, under the strictures of MCL § 600.5855, to advance the "discovery" of its breach of fiduciary claim to 2019.

## Ashton's Mere Silence is Not Fraudulent Concealment

Irrespective of the discovery date, GM has failed to establish that it is entitled to equitable tolling for an additional, independent reason. Under Michigan law, in

order to establish fraudulent concealment, "[t]he plaintiff must prove that the defendant committed affirmative acts or misrepresentations that were designed to prevent subsequent discovery. <u>Mere silence is insufficient</u>." *Sills,* 220 Mich. App. at 310 (emphasis added); *Doe,* 264 Mich. App. at 645 (same).   The only acts of fraudulent concealment that GM alleges against Ashton are that, while serving as a member of GM's board of directors, he failed to disclose his involvement in the watch scheme, including his ongoing receipt of kickback payments, AC ¶¶ 51, 103, 105, and that he did not disclose the purported FCA Bribery scheme. *Id.* ¶¶ 91, 106. These failures to affirmatively confess to the kickback scheme (and to expose a purported bribery scheme which GM has not proved existed) are insufficient to establish fraudulent concealment under Michigan law. *See Sills, supra*, 220 Mich. App. at 310.   GM has successfully argued in other litigation that a defendant's "failure to 'own up' to the alleged conspiracy . . . is plainly insufficient to support tolling based on fraudulent concealment." *Groth-Hill Land Co. v. Gen. Motors LLC*, 2013 U.S. Dist. LEXIS 103039, at *22-*23 (N.D. Cal. July 23, 2013). The Sixth Circuit Court of Appeals has recently confirmed this common-sense standard. In *Precious Creation, Inc. v. Mercantile Bank Mortg. Co., LLC,* 731 Fed. App'x 498 (6th Cir. 2018), that Court explained that fraudulent concealment "requires a showing of affirmative concealment; mere silence or unwillingness to divulge wrongful activities is not sufficient . . . Instead, there must be some trick or

contrivance intended to exclude suspicion and prevent inquiry." *Id.* at 501. GM alleges no "trick or contrivance" by Mr. Ashton, merely silence.

The myriad misdeeds pleaded by GM in its fraudulent concealment allegations, the "misstatements, false testimony, tax fraud, and other contrivances" (AC ¶ 107), <u>were all committed by other actors</u>, not the Defendant Joseph Ashton. *See* AC ¶¶ 107(b)-(i), 109(a)-(g).    This conduct of other actors cannot form the basis of a fraudulent concealment argument. *See Phinney*, 222 Mich. App. at 562-563 ("The plaintiff must plead in the complaint the acts or misrepresentations that comprised the fraudulent concealment and must prove that <u>the defendant committed</u> affirmative acts of misrepresentations that were designed to prevent subsequent discovery."); *Sills*, 220 Mich. App. at 310.   For all these reasons, GM has not established fraudulent concealment, and is not entitled to equitable tolling of its claim for breach of fiduciary duty beyond December 2019.

## CONCLUSION

The Court should dismiss GM's claim for breach of fiduciary duty with prejudice.

July 12, 2021                              Respectfully submitted,


                                           /s/  Rodman E. Honecker
                                           Rodman E. Honecker, Esq.
                                           WINDELS MARX LANE &
                                           MITTENDORF, LLP
                                           120 Albany Street Plaza
                                           New Brunswick, NJ 08901
                                           rhonecker@windelsmarx.com

                                           *Attorneys for Defendant Joseph
                                           Ashton*

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record, and I hereby certify that I have mailed by United States Postal Service the papers to the following non-ECF participants: None.

Respectfully submitted,

/s/  Rodman E. Honecker
Rodman E. Honecker, Esq.
WINDELS MARX LANE &
MITTENDORF, LLP
120 Albany Street Plaza
New Brunswick, NJ 08901
rhonecker@windelsmarx.com

*Attorneys for Defendant Joseph
Ashton*

July 12, 2021