IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| GENERAL MOTORS LLC, et al., | : |
| Plaintiffs, | : |
| v. | : Civil No. 20-12659 (RBK/SAK) |
| JOSEPH ASHTON, | : **OPINION** |
| Defendants. | : |

**KUGLER**, United States District Judge:

Presently before the Court is Defendant Joseph Ashton's Motion to Dismiss. In our prior Opinion, we declined to rule on the statute of limitations issue and ordered supplemental briefing. For the reasons expressed below, the Motion is **DENIED**.

The background of this matter is set out in our prior opinion, as is the legal standard for a motion to dismiss (Doc. No. 35). Because Defendant raised new arguments about fraudulent concealment's effect on tolling in his reply without a chance for Plaintiffs to respond, we ordered supplemental briefing on (1) which forum's substantive law applies to the breach of fiduciary duty claim; (2) whether the claim is barred by the statute of limitations; and (3) whether the statute of limitations should be tolled. These issues are resolved as follows.

**(1) We apply Michigan law to the breach of fiduciary duty claim.**

Defendant argues that, applying choice of law principles, Michigan law applies to the breach of fiduciary duty claim. Plaintiffs do not dispute this, stating that Michigan law "likely applies" "based on information presently known." We agree. Michigan and New Jersey law differ because they have different statutes of limitations for this claim (three versus six) and different tolling rules. Applying forum state New Jersey's choice of law rules, *Klaxon Co. v. Stentor Elec.*

1

*Mfg. Co.*, 313 U.S. 487, 496 (1941), we apply New Jersey statute of limitations permitting the claim unless doing so would (1) "serve no substantial interest" of New Jersey and (2) "the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence." *McCarrell v. Hoffman-La Roche, Inc.*, 153 A.3d 207, 221 (N.J. 2017) (quoting Restat 2d of Conflict of Laws, § 142 (2nd 1988)). Based on the factors of (i) where the conduct occurred, (ii) where the parties are located, and (iii) where the relationship between the parties is centered, *P.V. ex rel. T.V. v. Camp Jaycee*, 962 A.2d 453, 458 (N.J. 2008) (citing Restat 2d of Conflict of Laws, § 145 (2nd 1988)), Michigan has a more significant relationship to the parties and the occurrence than New Jersey. The allegations relate to Defendant's conduct as a General Motors board member in Michigan, with alleged kickback schemes in Michigan with Michigan-based entities. The only connection this dispute has to New Jersey is Defendant's residency here, which does not disturb Michigan's more significant relationship. *Cf. Pitcock v. Kasowitz, Benson, Torres & Friedman, LLP*, 46 A.3d 586 (N.J. App. Div. 2012).

Plaintiffs argue that discovery could lead to facts revealing that New Jersey has a substantial interest in this claim. Plaintiffs have neither pleaded such facts nor explained what this interest could be. We proceed applying Michigan law.

**(2) The breach of fiduciary duty claim is barred by the statute of limitations.**

The applicable statute of limitations in Michigan is three years. Mich. Comp. Laws Serv. § 600.5805. Plaintiffs filed their complaint on September 14, 2020, so the claim for breach of fiduciary duty will be barred by the statute of limitations unless it accrued after September 14, 2017. The most recent accrual as alleged in the Complaint is in January 2017, which puts the allegations against Defendant outside of the statute of limitations period. Plaintiffs do not argue otherwise.

> **(3) The statute of limitations is tolled because Plaintiffs sufficiently alleged that they discovered the existence of the claim in 2019, that Plaintiffs acted with reasonable diligence, and that Defendant fraudulently concealed the existence of the claim.**

Michigan's fraudulent concealment statute is as follows:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

Mich. Comp. Laws Serv. § 600.5855.

To toll the statute of limitations, Plaintiffs must show that there was an affirmative act on behalf of the concealing party that was aimed at preventing inquiry or hindering the acquirement of information disclosing a cause of action, *Sills v. Oakland Gen Hosp.*, 559 N.W.2d 348, 358 (Mich. 1996) and even with reasonable diligence the defrauded party did not discover the claim within the statutory period. *McNaughton v. Rockford State Bank*, 246 NW 84 (Mich. 1933).

   1. **Plaintiffs sufficiently plead that the tolling period commenced in 2019.**

Defendant argues that the tolling period here begins in 2017, when the government unsealed a superseding indictment against Alphons Iacobelli and GM subsequently requested an interview with Defendant. Defendant refused the interview, hired criminal defense counsel, and, in December 2017, resigned from the board. Defendant maintains that GM's suspicions about him in 2017 and/or his abrupt resignation indicate that Defendant was acting counter to his duties as a director, therefore causing the claim to accrue at the latest in December 2017. Plaintiffs argue that this began in August 2019, when Michael Grimes was indicted and GM first learned of the CHR bribery and kickback scheme.

We are satisfied with Plaintiffs' pleading. Plaintiffs allege that they did not have information connecting Defendant to the CHR scheme until 2019. To the extent Defendant's refusal to sit for an interview in 2017 constituted notice of a breach of fiduciary duty claim, that breach is not the basis for the claims brought here.

**2. Plaintiffs sufficiently allege reasonable diligence within the statutory period.**

Defendant further argues that even the claim accrued later, Plaintiffs have failed to sufficiently allege that they exercised due diligence because they did not issue discovery demands in the related Michigan action or hire a private investigator until 2020. Plaintiffs argue that the complaint alleges diligence efforts, such as performing internal reviews and hiring consultants.

Plaintiff was not obligated, as Defendant suggests, to hire a private investigator or make certain discovery requests in the related Michigan action in order to sufficiently plead reasonable diligence. Any critiques Defendant has for diligence actions taken or not taken by Plaintiffs are at best questions of fact for the factfinder. *Cf. In re Auto. Parts Antitrust Litig.*, No. 12-MD-02311, 2018 WL 2181462, at *7 (E.D. Mich. Mar. 29, 2018) ("[T]he existence of questions of fact regarding Plaintiffs' diligence and possible fraudulent concealment preclude dismissal based upon Defendants' statutes of limitations argument. The Court cannot affirmatively state that the statutes of limitations bar Plaintiff's claims based solely on the face of the pleadings. Defendants may raise their statute[s] of limitations defense after discovery, if it is warranted.").

**3. Plaintiffs sufficiently allege affirmative acts of fraudulent concealment by Defendant.**

Defendant further argues that Plaintiffs cannot establish fraudulent concealment because Defendant did not commit affirmative acts or misrepresentations, and "mere silence" cannot amount to fraudulent concealment. Defendant contends that Plaintiffs' allegations regarding failure to disclose are "mere silence." Plaintiffs argue that the Complaint alleges affirmative acts

of concealment by Defendant, including setting up a sham vendor to receive payments from CHR and opening foreign bank accounts to conceal deposits. Plaintiffs further argue that affirmative acts by co-conspirators can be attributed to Defendant. Moreover, because Defendant is a fiduciary, "mere silence" can amount to fraudulent concealment is this matter.

We find that Plaintiffs have sufficiently alleged fraudulent concealment, making tolling appropriate. Plaintiffs allege affirmative acts of concealment by Defendant such as setting up sham vendors and opening off-shore bank accounts. *Cf. In re Auto. Parts Antitrust Litig.*, 2018 WL 2181462, *supra*, at *7. Because we find that Plaintiffs sufficiently pleaded affirmative acts, we need not reach the arguments about co-conspirators' acts or silence by a fiduciary.

Considering the above, Defendant's Motion to Dismiss is **DENIED**. An order follows.


Dated: 1/24/2022                                            /s/ Robert B. Kugler
                                                            ROBERT B. KUGLER
                                                            United States District Judge