# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

James E. Marina
To Call Writer Directly:
+1 212 446 4877
james.marina@kirkland.com

601 Lexington Avenue
New York, NY 10021
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

October 14, 2022

**Via Electronic Filing & Email**

The Honorable Elizabeth A. Pascal
U.S. District Court - District of New Jersey
Camden Vicinage
Mitchell H. Cohen & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

     Re: *General Motors, LLC, et al. v. Joseph Ashton*, Case No. 1:20-cv-12659-RBK-KMW

Dear Magistrate Judge Pascal:

  I write on behalf of Plaintiffs General Motors LLC and General Motors Company (collectively, "GM") regarding the schedule in the above-captioned case. Primarily because of delays by third parties in producing documents subject to subpoena, GM requests that the existing deadlines in this case be extended by three months, as reflected in the chart below. In addition, GM is still awaiting the production of documents from Defendant Ashton. Defendant Ashton has indicated he does not object to this requested extension to the discovery schedule.

  On July 11, 2022, this Court entered the *Discovery Dispute and Amended Scheduling Order* (Dkt. No. 87 ("Scheduling Order")). Since the entry of the Scheduling Order, GM has worked diligently to pursue essential documents from third parties via subpoena. Despite those efforts, as of the date of this letter, less than three weeks before the current cutoff of fact discovery, open issues remain with respect to several key third-party subpoenas:

- <u>Alphons Iacobelli</u>. GM subpoenaed Mr. Iacobelli in December of 2021. GM has, for the last several months, been pursuing enforcement of that subpoena in the Eastern District of Michigan, *Gen. Motors v. Ashton*, No. 22-50034-GCS-DRG (E.D. Mich. 2022). The District Court in Michigan has entered several orders directing Iacobelli to take steps to comply with the subpoena, culminating in a recent order of October 11, 2022 requiring that Mr. Iacobelli assist GM in recovering documents under Mr. Iacobelli's control. (Ex. A, 10/11/22 Order.) Further, Magistrate Judge Grand who is overseeing the Ashton enforcement actions in the Eastern District of Michigan has indicated that he would expect

# KIRKLAND & ELLIS LLP

Magistrate Judge Pascal
October 14, 2022
Page 2

that the Iacobelli's production in response to the subpoena should be coordinated with production in the Michigan State Action.[1]

- Susanne Iacobelli. GM also subpoenaed Mr. Iacobelli's wife, Susanne, in December of 2021. That subpoena was likewise subject to substantial motion practice, particularly around whether Mrs. Iacobelli could be required to sit for a deposition in light of Michigan's spousal privilege. Ultimately Magistrate Judge Grand determined that Mrs. Iacobelli could be required to sit for a deposition, subject to her right to invoke the spousal privilege in response to appropriate questions. (Ex. B, 6/1/22 Order.) On October 13, 2022, Magistrate Judge Grand held a subsequent hearing on the subpoena to Mrs. Iacobelli, ordering her to produce documents in response to the subpoena and ordering that Mrs. Iacobelli's deposition be scheduled after her production is complete.

- Fiat Chrysler Automotives ("FCA"). GM subpoenaed FCA in May of 2022. As alleged in the First Amended Complaint ("1AC"), Ashton passed confidential GM information to FCA in return for bribes. (1AC at ¶¶ 90–101, ECF No. 7.) In light of Ashton's professed lack of electronic communications, documents from FCA are central to proving these allegations. To date, FCA has claimed that for efficiency purposes that it will produce documents in the Ashton matter once it produces documents in the Michigan State Court Action given the volume of relevant documents. FCA has indicated that production will likely occur over the next few months. GM has continued to press for a production on a faster time frame, and motion practice on this subpoena may be necessary.

- UAW-Chrysler National Training Center ("NTC"). The NTC is the joint training center of the UAW and FCA. As alleged in the 1AC, the NTC was used as a vehicle through which FCA made illicit payments to UAW leaders as well as FCA executives such as Iacobelli. (1AC at ¶¶ 12, 13, 19, 107, ECF No. 7.) GM subpoenaed the NTC in May of 2022. Since then, GM has conferred numerous times with NTC counsel regarding the scope and timing of the NTC's production in response to the subpoena. Although GM is hopeful that motion practice will not be necessary, the NTC claims it will produce the remaining documents in the next several weeks.

- AlixPartners and McKinsey & Company ("McKinsey"). AlixPartners and McKinsey were advisors to FCA around the potential merger with GM, which lies at the heart of the 1AC. Although both AlixPartners and McKinsey have made productions in response to GM's

---

[1] GM has brought a related case against Iacobelli, Jerome Durden, and FCA, which is pending in Michigan state court. In that case, the court has denied the defendants' motion to dismiss and discovery is in the early stages. That case is referred to as the "Michigan State Court Action" in this letter.

**KIRKLAND & ELLIS LLP**

Magistrate Judge Pascal
October 14, 2022
Page 3

subpoenas, as a result of follow-up conversations about the scope of the search and production of documents in response to subpoenas, the review and production from both entities are ongoing and may not be complete for several weeks. To date, AlixPartners has produced approximately 210 documents and McKinsey has produced approximately 3,500, but more are in the process of being produced in the next several weeks.

In addition to these key subpoenas, there are several more recently issued subpoenas for which responses or production are still outstanding. These subpoenas largely relate to financial accounts or means of communications (*i.e.*, phone records and/or email records) for Ashton and other alleged conspirators (*e.g.*, subpoenas to JP Morgan Chase, Bank of America, AT&T, Verizon, and US Bank). These recent subpoenas are a result of the iterative nature of GM's investigation and discovery. In short, as GM has received documents from third parties, those records themselves often identify other important sources of information that GM then must also subpoena. The requested extension of the discovery schedule thus also stems from GM having to rely almost exclusively on productions from third parties in order to prove its allegations.

GM has largely been holding off on fact depositions until it receives the key documents discussed above. GM expects to take ten or fewer depositions once the subpoenaed documents are produced.

For these reasons, GM requests (and defendant does not object) that the existing discovery deadlines in this matter be extended as reflected below:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Pretrial factual discovery | November 1, 2022 | January 31, 2023 |
| Expert reports and expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) to be served on behalf of Plaintiffs upon counsel for Defendant | November 22, 2022 | February 22, 2023 |

## KIRKLAND & ELLIS LLP

Magistrate Judge Pascal
October 14, 2022
Page 4

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Expert reports and expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) on behalf of Defendant to be served upon counsel for Plaintiffs | December 20, 2022 | March 20, 2023 |
| Depositions of proposed expert witnesses | January 12, 2023 | April 12, 2023 |
| Dispositive motions | March 14, 2023 | June 12, 2023 |

Sincerely,

/s/ James E. Marina

James E. Marina

cc:    All counsel of record