THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **GENERAL MOTORS LLC, et al.,** | |
| Plaintiffs, | Civil No. 20-12659 (RBK/EAP) |
| v. | |
| **JOSEPH ASHTON,** | |
| Defendant. | |

## SUPPLEMENTAL OPINION AND ORDER

This matter comes before the Court by way of Defendant Joseph Ashton's letter request, dated July 1, 2022, seeking, among other things, an Order compelling Plaintiff General Motors ("GM") to produce documents responsive to a number of Defendant's documents requests. Defendant seeks information obtained through GM's investigations conducted in anticipation of litigation. *See* Def.'s Ltr., at 2-5. GM timely objected to those document requests, asserting that the requested documents and communications fall under work-product protection. The Court considered the parties' submissions and held oral argument on October 27, 2022. The Court issued a ruling from the bench on that same date, denying Defendant's application.

This written opinion supplements the Court's oral opinion and further sets forth the reasoning of the October 27, 2022 ruling on the record, pursuant to District of New Jersey Local Civil Rule 52.1. For the reasons that follow, Defendant's application to compel is **DENIED WITHOUT PREJUDICE**.

**Background**

The Court recounts only those facts necessary for a resolution of this application.

1

In the Amended Complaint, GM alleges Defendant maintains offshore bank accounts that "held or currently hold substantial funds" used to accept and retain bribes from Fiat Chrysler as part of a scheme to harm GM. *See* ECF No. 7, Am. Compl. ¶¶ 5, 57-58. This information was obtained through two investigations conducted by Plaintiffs' consulting expert investigators. *Id*. ¶ 56; *see also* Def.'s Ltr., dated July 21, 2022 ("Def.'s Ltr. II"), at 2. As part of the discovery process, Defendant sought the production of documents and communications related to those investigations in its first set of requests for production. *Id.* at 3. More specifically, Defendant's document request nos. 13, 14, 19, 20, and 22 seek documents or communications related to the offshore accounts or the investigation more generally. *Id.* at 3-4. Document request no. 12 requests documents that sufficiently identify GM's investigators. *Id.* at 3. In response to the requests for production, GM asserts work-product privilege over those communications. *See* ECF No. 81, Pl.'s Ltr., dated July 6, 2022 ("Pl.'s Ltr. I"), at 1-2; ECF No. 89, Pl's. Ltr, dated July 21, 2022 ("Pl.'s Ltr. II"), at 1.

After reviewing the parties' initial letters, the Court ordered the parties to provide supplemental briefing addressing the following: (1) whether an investigator is recognized as a litigation consulting expert; and (2) whether the facts of the case present exceptional circumstances by which parties may obtain discovery under the applicable statutes and provisions. *See* ECF No. 87 (Order).

In its supplemental briefing, Defendant does not contest that the investigators are consulting experts, but instead, he argues that: (1) certain factual information obtained by the investigators is discoverable; (2) certain work-product material is subject to and meets the lower "substantial need" standard under Rule 26(b)(3); and (3) there exists exceptional circumstances warranting disclosure of "opinion" work product. *See* Def.'s Ltr. II, at 1. GM responds that (1)

the investigators are litigation consultants whose documents and communications are protected under the work-product doctrine; and (2) Defendant cannot show waiver of the privilege, substantial need, or exceptional circumstances to overcome work-product protection. *See* Pl.'s Ltr. II, at 1.

**Analysis**

The work-product doctrine "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles,* 422 U.S. 225, 238 (1975). The work product doctrine is governed by Federal Rule of Civil Procedure 26(b)(3).[1] Rule 26(b)(3)(A) provides in pertinent part: "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." However, if the party seeking disclosure "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means," then the Court can compel disclosure. Fed. R. Civ. P. 26(b)(3)(A)(ii).

To receive work-product protection, the Court examines whether the documents and communications have been prepared (1) in anticipation of litigation; and (2) because of the prospect of litigation and for no other purpose. *In re Gabapentin Patent Litig.*, 214 F.R.D. 178, 183-84 (D.N.J. 2003). The burden of establishing whether a particular document is protected as work product falls on the party asserting the protection. *La. Mun. Police Emps. Ret. Sys. v.*

---

[1] Although the attorney-client privilege is derived from state law in diversity cases, "the work-product privilege is governed . . . by a uniform federal standard embodied in Fed. R. Civ. P. 26(b)(3)." *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 966 (3d Cir. 1988).

*Sealed Air Corp.*, 253 F.R.D. 300, 306 (D.N.J. 2008) (citing *Conoco, Inc. v. U.S. Dep't of Just.*, 687 F.2d 724, 730 (3d Cir. 1982)).

The Court asked the parties to submit supplemental briefing as to whether investigators, such as GM's investigators, are recognized as consulting experts. The parties agree that GM's investigators qualify as "consulting experts" because they were retained in anticipation of litigation, and they are not expected to testify at trial. *See* Def.'s Ltr. II, at 1; Pl.'s Ltr. II, at 2. Therefore, the Court finds that the materials prepared by GM's investigators and the communications between Plaintiffs' counsel and the investigators are subject to work-product protection.[2, 3]

Next, the Court asked the parties whether circumstances exist to overcome work-product protection. The first set of circumstances pertain to disclosure. A party can waive work-product privilege by disclosure "in a manner inconsistent with keeping the documents from the adversary." *Goldenberg v. Indel, Inc.*, No. 09-5202, 2012 WL 12906333, at *5 (D.N.J. May 31, 2012) (citing *In re Chevron Corp.*, 633 F.3d 153, 165 (3d Cir. 2011)). Here, GM certifies that it did not share the investigator's work product with Defendant, and Defendant has not indicated otherwise. Thus, GM has not waived work-product protection through disclosure.

---

[2] It is uncontested that GM's second investigation was conducted in anticipation of this litigation. *See* Def.'s Ltr. II, at 1. Although GM's first investigation was completed in a different, related litigation brought by GM regarding a bribery scheme, the Third Circuit has held that if the cases involve the same underlying subject matter and allegations, as they do here, then the investigation meets the "in anticipation of litigation" test. *In re Grand Jury Proceedings*, 604 F.2d 798, 803 (3d Cir. 1979); *Maldonado v. N.J. ex rel. Admin. Off. of Cts.-Prob. Div.*, 225 F.R.D. 120, 131 (D.N.J. 2004).

[3] To the extent that Defendant's document request no. 13 seeks communications between GM and its investigators without counsel present, those communications are protected under the work-product doctrine. *See In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 666 (3d Cir. 2003).

A party can also waive work-product protection by putting the work product "at issue" in the litigation. Work product is at issue where "the pleading places at issue the subject matter of a privileged communication in such a way that that party holding the privilege will be forced to draw upon the privileged material at trial in order to prevail." *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005) (citation omitted). GM indicates that it does not intend to rely on the investigations to support its allegations against Defendant; rather, it plans to ascertain the truth of those allegations through information obtained in the discovery process. *See* Pl's. Ltr. II, at 3. And simply alleging facts uncovered in an investigation does not put the investigation "at issue." *See Mass. Mut. Life Ins. Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 293 F.R.D. 244, 253 (D. Mass. 2013); *see also Dover v. British Airways, PLC (UK)*, No. CV 2012-5567, 2014 WL 4065084, at *2 (E.D.N.Y. Aug. 15, 2014) (rejecting waiver of work-product protection because plaintiffs included non-testifying expert's analyses in their complaint; plaintiffs did not intend to use the analysis at trial and would rely on other experts based on information obtained in discovery). Consequently, GM has not waived its work-product protection by putting the work product "at issue."

Lastly, the Court must assess whether Defendant can overcome the work-product privilege by establishing need for GM's protected work. Rule 26(b)(3) establishes two tiers of protection: (1) fact work product, discoverable only upon a showing of "substantial" need and hardship; and (2) "core" or "opinion" work product, encompassing the "mental impressions, conclusions, opinion, or legal theories of an attorney or other representative of a party concerning the litigation," which is afforded greater protection and is discoverable only upon a

showing of rare and exceptional circumstances. *In re Cendant Corp. Sec. Litig.*, 343 F.3d at 663 (citing Fed. R. Civ. P. 26(b)(3)).

Here, the Court holds that Defendant has not met either standard. Defendant asserts he has shown "exceptional circumstances" entitling him to GM's work product because it is "impossible for Defendant to obtain these facts by any other means." Def.'s Ltr. II, at 5. Defendant also states that "there are no tools" at his disposal to "ferret out the information cited by GM's investigators." *Id.* But Defendant does not explain why it is impossible for him to obtain these facts otherwise; nor does he expand on the tools necessary to obtain such information elsewhere. In fact, GM provided Defendant with the name and location of the banks at which Defendant allegedly maintains offshore accounts, *see* Def.'s Ltr. II, at 23, and thus, Defendant can conduct his own relatively low-cost investigation to determine whether there are accounts in his name at those banks.

Defendant has also failed to establish "substantial need" for the investigators' fact work product. Defendant is correct that a party may discover factual information "contained in a document which is not itself discoverable." *Eoppolo v. Nat'l R.R. Passenger Corp.,* 108 F.R.D. 292, 294 (E.D. Pa. 1985); *see also* Def.'s Ltr. II, at 4. But a party is not entitled to those facts if it cannot establish "substantial need," and Defendant has not adequately demonstrated that he lacks the means to obtain the same factual information through his own investigation. Moreover, whether Defendant has overseas bank accounts is uniquely within his knowledge or control.

Finally, Defendant argues that he is entitled to the identity information of GM's investigators, as requested in document request no. 13. Courts in the Third Circuit have generally applied a lower relevance standard to determine the discoverability of a non-testifying expert's identity. *See, e.g.*, *Eisai Co. v. Teva Pharms. USA, Inc.*, 247 F.R.D. 440, 442 (D.N.J.

2007).[4] But to discover a non-testifying expert's identity pursuant to Rule 26(b)(1), the expert must possess relevant information of "any discoverable matter." Fed. R. Civ. P. 26(b) advisory committee's note to 2015 amendment. Here, GM's investigators' fact and opinion work product are privileged and not discoverable; therefore, the investigators do not hold any information relevant to the case.

Furthermore, Defendant's reliance on *Eisai Co. v. Teva Pharms. USA, Inc.*, 247 F.R.D. 440 (D.N.J. 2007) is misplaced. There, the court ultimately found a non-testifying expert's identity was discoverable because the expert's opinion was produced in a letter to the opposing party, and because the defendant was relying upon that opinion in support of its claim. *Id.* at 442. Because the opposing party could not identify the expert who wrote the report, the identity of the non-testifying expert was relevant and thus discoverable. *Id.* Here, the Court finds no relevant reason for Plaintiff to turn over the investigators' identities when the investigators lack discoverable information.

In conclusion, the Court finds that none of the circumstances warranting production of work-product material exists in this case. GM has not waived the work-product protection afforded to the documents of, and communications with, GM's investigators. Furthermore, Defendant has not shown "exceptional circumstances" or "substantial need" warranting production of the investigators' opinion work product and fact work product respectively. GM has correctly withheld its investigators' work product as privileged, and consequently, the investigators do not possess any relevant discoverable information that could justify discovery of the investigators' identities.

---

[4] *See also e.g., Butler v. Harrah's Marina Hotel Casino,* 1987 WL 16691, at *2 (E.D. Pa. Sept. 8, 1987); *Arco Pipeline v. S/S Trade Star,* 81 F.R.D. 416, 417 (E.D. Pa. 1978); *Sea Colony, Inc. v. Cont'l Ins. Co.*, 63 F.R.D. 113, 114 (D. Del. 1974).

Thus, for the reasons stated above, it is hereby **ORDERED** this **27th** day of **October** that Defendant's request to compel production is **DENIED WITHOUT PREJUDICE.**

                                                ELIZABETH A. PASCAL
                                                United States Magistrate Judge

cc:  Hon. Robert B. Kugler, U.S.D.J.