THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **GENERAL MOTORS LLC, et al.,**<br><br>    Plaintiffs,<br><br>  v.<br><br>**JOSEPH ASHTON**,<br><br>    Defendant. | Civil No. 20-12659 (RBK/EAP) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the letter application of Defendant Joseph Ashton, ECF No. 98, seeking an Order compelling Plaintiffs General Motors LLC and General Motors Company (collectively, "GM") to produce unredacted documents in response to Defendant's First Set of Requests for Production ("RFP") Nos. 7 and 8. GM opposed Defendant's application. *See* ECF No. 100. The Court held oral argument on the application on December 7, 2022. For the reasons that follow, Defendant's application is **GRANTED**.

## BACKGROUND

This case arises from Defendant's service as a member of GM's Board of Directors ("Board"). Amended Complaint ("Am. Compl."), ECF No. 7, ¶ 1. Among other things, GM alleges that Defendant received bribes in exchange for providing GM's confidential information to competitor Fiat Chrysler ("FCA"). *Id*. ¶¶ 4, 77, 90, 113. Specifically, GM alleges that Defendant provided FCA confidential information concerning GM's bargaining approach with the United Auto Workers ("UAW"), as well as GM's response to FCA's merger overtures. *Id*. ¶¶ 4, 75, 77, 91, 114. The alleged goal was to force GM to succumb to FCA's merger proposals. *Id*. ¶¶

4-5, 74-75. GM filed this lawsuit, asserting three causes of action against Defendant: breach of fiduciary duty, *id.* ¶¶ 112-117; fraud, *id.* ¶¶ 118-123; and fraud by omission, *id.* ¶¶ 124-131. Relevant here, these claims rely on GM's corporate espionage allegations.

The present application to compel discovery stems from Defendant's efforts to obtain unredacted versions of documents GM deemed responsive to Defendant's RFP Nos. 7 and 8. Defendant Ashton's Letter ("Def.'s Ltr."), ECF No. 98. RFP No. 7 seeks "[a]ll notes, records, and/or minutes of any GM Board of Directors meeting, or board committee meeting, at which [Defendant] was present." *Id.*, Ex. A at 7. RFP No. 8 seeks "[a]ll documents provided by [GM] to [Defendant] related to his service as a member of the GM Board of Directors, including all documents reflecting any of the information referenced in Paragraphs 5 and 90 of the First Amended Complaint." *Id*. GM objected that these document requests are "overly broad, unduly burdensome, and vague" but agreed to produce non-privileged documents in its possession. *Id.*

GM identified materials related to the Board meetings Defendant attended and determined which materials contained references or information about GM's labor negotiations, FCA merger efforts, or any other matter related to the issues in dispute. GM's Letter Response ("GM Ltr."), ECF No. 100 at 2. GM then redacted all other information in the produced documents. *Id.* Complicating matters, GM contends that many of the documents presented to Board members in advance of Board meetings contain a host of irrelevant issues, but because GM maintains those documents in a single PDF file, it was required to produce the entire PDF. *Id*. In July 2022, GM produced a set of twenty responsive documents, almost all of which "were heavily redacted with black boxes that bore no redaction stamps whatsoever."[1] Def.'s Ltr. at 2. GM maintains that the

---

[1] More specifically, Defendant asserts that GM's production consisted of 150 pages that were unredacted or partially unredacted and approximately 1,971 pages that were completely redacted. Def.'s Ltr. at 2.

documents were properly redacted because of their sensitivity to its business operations and the lack of relevance to its claims against Defendant.

Of note, the parties executed a Discovery Confidential Order ("DCO"), ECF No. 61, which provides that any party may designate as "Confidential" "any information, document, or thing, or portion of any document or thing," that the parties may only use in this action and certain defined Related Actions.[2] The DCO further provides that any party may mark as "Highly Confidential" "any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party." *Id.* at 1. The usage of Highly Confidential materials is more limited in scope, and it lacks a similar explicit authorization that it may be used in the Related Actions. *See id.*

Despite the DCO, GM objects to the production of sensitive materials for an additional reason. In a related action pending in Michigan's Wayne County Circuit Court ("Michigan Action"), GM sued FCA, its direct competitor, for the same scheme it alleges here. In the Michigan Action, however, the parties executed a confidentiality order requiring GM to produce to those parties all documents produced or received in *this* matter. GM Ltr., Ex. 1, ¶ 8 (emphasis added). The Michigan Action is currently in the discovery phase of litigation. *Id.* at 2.

## ANALYSIS

### A.  Standard of Review

Under Federal Rule of Civil Procedure 26(b)(1), discovery may be obtained regarding any "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs

---

[2] "Related Actions" refers to *General Motors LLC, et al. v. FCA US LLC, et al.*, No. 19-13429 (E.D. Mich.); *General Motors LLC, et al. v. Iacobelli, et al.*, No. 20-011998 (Mich. Cir. Ct.); and *General Motors LLC and General Motors Company v. Dennis Williams*, No. 21-03181 (Cal. Super. Ct.). *See* DCO at 2 n.1.

3

of the case . . . ." FED. R. CIV. P. 26(b)(1). Rule 26 is to be construed liberally in favor of disclosure, as relevance is a broader inquiry at the discovery stage than at the trial stage. *Black-Meadows v. Deptford Twp.*, No. 20-6951, 2022 WL 16695191, at *2 (D.N.J. Nov. 3, 2022) (citing *Gov't Emps. Ins. Co. v. Stefan Trnovski, M.D.*, No. 16-4662, 2018 WL 5281424, at *2 (D.N.J. Oct. 23, 2018)). While relevant information need not be admissible at trial to warrant disclosure, the burden remains on the party seeking discovery to "show[] that the information sought is relevant to the subject matter of the action and may lead to admissible evidence." *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000). Upon a finding of good cause, a court may order discovery of any matter relevant to a party's claims, defenses, or the subject matter involved in the action. *Justiano v. G4S Secure Sols., Inc.*, 291 F.R.D. 80, 83 (D.N.J. 2013). "Although the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999).

**B.     Discussion**

    1.     *Relevance*

The Court first considers whether the Board materials GM produced are relevant and proportional to the needs of this action in accordance with Rule 26. Defendant argues that the responsive documents are *prima facie* relevant because they relate to Defendant's Board service, which underpins GM's claims. In addition, Defendant notes that GM identified the documents as responsive to Defendant's discovery requests. *See* Def.'s Ltr. at 3. Finally, Defendant contends that the Board materials are relevant to the "quantum of damages GM might ultimately be entitled to upon a showing that Defendant breached his fiduciary duty" under Michigan law. *Id.* Specifically, Defendant asserts that in the event breach is established, the Board materials would

aid him in proving that GM is not entitled to disgorge Defendant's wages because GM did not suffer damages. *Id.*

GM contends that the Board materials are not relevant to prove damages under Michigan law[3] because Defendant cannot argue that his other Board activities mitigate his breaches of duty or the damages caused. GM Ltr. at 3-4.

The Court finds that the Board materials GM produced are relevant to this action. By producing these documents in response to Defendant's document requests, GM has conceded that the Board materials contain information responsive to Defendant's RFP Nos. 7 and 8. Moreover, the Court credits Defendant's explanation that the Board materials are relevant to assess GM's damages. Those documents may help Defendant show that GM is not wholly or partially entitled to "the recoupment of monies paid by GM to [Defendant] for service as a director on GM's Board," as sought in the Amended Complaint. Am. Compl. at 60; *see also* Def.'s Ltr. at 3. Thus, the Court finds that the Board materials are relevant to Defendant's defense in this action.

2.   *Propriety of Unilateral Redactions*

Next, the Court must consider whether a party can unilaterally redact responsive documents for relevance. The parties disagree on this issue. Defendant argues that federal courts routinely reject unilateral redactions from responsive documents on the grounds of relevance. Defendant contends that GM's redactions "deprive both Defendant and the factfinder of necessary context for the scattered excerpts that GM has deemed relevant" and "prejudice Defendant in his ability to

---

[3] GM notes that although the Court determined Michigan law applied with respect to the statute of limitations raised earlier in the case, on GM's fiduciary duty claim, New Jersey's internal affairs doctrine mandates that the law of the state of incorporation—Delaware in this case—governs corporate internal affairs. *See* GM Ltr. at 4 n.1. While GM's choice-of-law argument is well taken, it is an issue to be resolved at a later point in this litigation. To be sure, under either state's law, Defendant has to mount a defense to GM's damages claims as pled in the Amended Complaint.

5

use these documents in his defense." Def.'s Ltr. at 4.  GM counters that Defendant ignores several cases in which courts have permitted redactions based on relevance, and even "cases from within this district that have endorsed the prohibition on relevance redactions" have recognized exceptions on a case-by-case basis.  GM Ltr. at 4.

The Third Circuit has not ruled on this issue, and the case law lacks a uniform consensus as to the propriety of such redactions.  *See Engage Healthcare Commc'ns, LLC v. Intellisphere, LLC*, No. 12-787, 2017 WL 3624262, at *3 (D.N.J. Apr. 26, 2017), *R. & R. adopted*, No. 12-787, 2017 WL 3668391 (D.N.J. Aug. 23, 2017) (collecting cases).  The majority of federal courts have held that "unilateral redactions based on one party's subjective view of relevancy are improper." *Id*. (footnote omitted).  And although a minority of federal courts have permitted unilateral redactions for relevance, *see, e.g., Spano v. Boeing Co.*, No. 06-743, 2008 WL 1774460, at *2 (S.D. Ill. Apr. 16, 2008), unique circumstances typically animate those decisions, making them inapplicable to the typical case.  *See Engage Healthcare*, 2017 WL 3624262, at *3.  The Court is persuaded by the rationale of the majority view.

First, the Court notes that the unilateral redaction of responsive documents is inconsistent with Federal Rule of Civil Procedure 26's overarching purpose of permitting broad discovery. Rule 26(b)(1) specifically provides that "[i]nformation . . . need not be admissible in evidence to be discoverable."  Thus, the rule contemplates that discoverable evidence ultimately may not be admissible at trial but permits its discovery anyway.

In addition, Federal Rule of Civil Procedure 34 supports the prohibition of unilateral relevance redactions.  Rule 34 governs the production of documents between the parties.  Although the rule is silent on the propriety of unilateral relevance redactions, the rule in operation buttresses that conclusion.  For example, Rule 34(a) allows a party to request the inspection of

6

"documents"—not specific paragraphs or sentences within a document. In fact, the rule permits the responding party to produce copies of the documents in lieu of an inspection. *See* FED. R. CIV. P. 34(b)(2)(C). Thus, if a document contains relevant information, the producing party must furnish the entire document rather than the portions of the document it deems relevant. *See Rodriguez-Ocasio v. Midland Credit Mgmt., Inc.*, No. 17-3630, 2019 WL 3821769, at *2 (D.N.J. July 23, 2019) ("[A]bsent special circumstances, courts view entire documents as either relevant or irrelevant; they do not weigh the relevance of particular provisions.") (citation omitted); *see also Bartholomew v. Avalon Cap. Grp., Inc.*, 278 F.R.D. 441, 451-52 (D. Minn. 2011) ("[C]ourts view 'documents' as relevant or irrelevant; courts do not, as a matter of practice, weigh the relevance of particular pictures, graphics, paragraphs, sentences, or words, except to the extent that if one part of a document is relevant then the entire document is relevant for the purposes of FED. R. CIV. P. 34.")).

Moreover, Rule 34 requires a party to "produce documents as they are kept in the usual course of business." FED. R. CIV. P. 34(b)(2)(C)(i). Because copies produced by a party must be identical to the original documents "kept in the usual course of business," it follows that a party must provide unredacted documents as they exist in the party's possession. *See Engage Healthcare*, 2017 WL 3624262, at *4 ("The language of the rule plainly intimates that the copy of the document produced would be identical to the document to be inspected. If portions of a document produced did not contain the same content as the document had it been inspected, then it would not be a true copy, and would defeat the purpose of an inspection."). Furthermore, because Rule 34(b)(2)(B)-(C) prescribes the method of objecting to discovery requests and does not expressly or impliedly include the option of producing redacted documents, unilateral redactions are improper. *Bartholomew*, 278 F.R.D. at 452; *York Grp., Inc. v. Pontone*, No. 10-

7

1078, 2011 WL 13136290, at *3 (W.D. Pa. Dec. 15, 2011).

Although federal courts have generally found that parties may not unilaterally redact irrelevant pieces of information, certain circumstances may justify leave to redact irrelevant portions of otherwise responsive documents. *See Engage Healthcare*, 2017 WL 3624262, at *5; *Bartholomew*, 278 F.R.D. at 452 (holding that "a party seeking the power to unilaterally redact documents for relevance should request leave to redact those portions that the party contends are irrelevant"). In such cases, the irrelevant information sought to be redacted would be harmful to the responding party if produced in an unredacted form. *See Hageman v. Accenture, LLP,* No. 10-1759, 2011 WL 13136510 at *4 (D. Minn. June 7, 2011) ("The responding party must show that the disclosure of the irrelevant information would harm the responding party in some way.").

GM argues that the unique circumstances of this case warrant the allowance of redactions. GM Ltr. at 4-5. GM asserts that the circumstances in this case are similar to those in *Engage Healthcare Communications LLC*, where the court denied the plaintiffs' application to compel the production of unredacted responsive documents. 2017 WL 3624262, at *5. In *Engage Healthcare*, the parties were "archrivals" in the medical publishing industry. *Id.* at *4. The principals of the parties were brothers. *Id.* Plaintiffs sought to compel responsive documents containing proprietary and highly sensitive information about the defendants that were irrelevant to the claims in the case. *Id.* The defendants objected to producing the responsive documents in an unredacted form, fearing harm to their business. *Id.* Although the court had entered an agreed-upon discovery confidentiality order in the case, the court found that it was insufficient protection to the defendants under the unique circumstances of the case. *Id.* More specifically, the court noted: (1) the parties were direct competitors in the same industry; (2) the familial relationship between the parties (brothers); and (3) the relationship between plaintiffs and their long-term counsel, who had

8

represented plaintiffs on a wide variety of matters. *Id.* at *4-5. For these unique reasons, the court concluded that the defendants were not required to produce "highly sensitive and proprietary data that is not <u>relevant</u> to any of the issues in the case." *Id.* at *4 (emphasis in original). The court ordered the parties to meet and confer on the disputed redactions and to submit any remaining disputes to the special master for *in camera* review. *Id.* at *5.

Here, GM argues that compelling it to produce unredacted, responsive Board materials would lead to similar harmful results for the company. GM Ltr. at 5. GM argues that as in *Engage Healthcare*, the production of unredacted material to Defendant in this case will require production of those materials to its direct competitor, FCA, in the Michigan Action. *Id.* Furthermore, GM asserts that like plaintiffs' counsel in *Engage Healthcare*, FCA's counsel in the Michigan Action is its long-term outside counsel for a variety of matters, including FCA's merger efforts with GM. *Id.* Finally, GM asserts that its Board materials are like the documents at issue in *Engage Healthcare* because they are large compilations of materials covering various irrelevant topics pertaining to GM's business. *Id.* GM contends that the only reason it produced the irrelevant documents is because GM compiles and maintains all Board meeting documents in a single PDF in the ordinary course of business. *Id.* Had that not been its method of storage, GM would have marked many of the documents as non-responsive. *Id.* GM contends that the result should not be different simply because of GM's storage methods. *Id.*

Defendant asserts that the DCO adequately protects GM from the release of any propriety or sensitive information. Def.'s Ltr. at 4. Defendant cites cases in which the courts found that a stipulated protective order obviated the need for relevance redactions. *Id.* at 4-5. Finally, Defendant asserts that GM has not identified a reason that the DCO entered in this case is inadequate to protect its interests. *Id.* at 5.

Here, the Court finds that the circumstances in this case do not warrant unilateral redactions. First, GM's direct competitor is not a party to this litigation. The only defendant in this case is GM's former employee, Joseph Ashton. Further, unlike in *Engage Healthcare*, Defendant's counsel does not represent Defendant in a multitude of litigation and non-litigation matters that could cause competitive harm to GM. This mitigates the risk of Defendant's counsel misusing unredacted Highly Confidential materials marked as "Attorney's Eyes Only." Second, the harm that GM identifies flows from its decision to enter into a second confidentiality order in the Michigan Action, *General Motors LLC v. Iacobelli*, No. 20-11998 (Mich. Cir. Ct.). According to GM, that confidentiality order requires it to "produce in the Michigan Action all documents it produces or receives in this case," thereby requiring GM to produce any unredacted documents containing proprietary and sensitive information to FCA, its direct competitor. *Id.* at 2, 5. During oral argument, however, GM conceded that nothing prevents it from seeking relief in the Michigan state court from the terms of the confidentiality order entered in the Michigan Action. For example, GM can seek leave to redact the documents in the Michigan Action, as its arguments for document redaction would be aimed at its direct competitor, who is a party in that case. To be sure, Defendant's ability to discover documents and mount his defense in this case should not be hampered by a confidentiality order entered in another case to which he is not party. For these reasons, the Court finds that permitting GM to unilaterally redact its document production for relevance is inappropriate in this case.

**CONCLUSION AND ORDER**

Thus, for the reasons stated above, and for other good cause shown,

**IT IS** this **3rd** day of **February 2023**,

**ORDERED** that Defendant Joseph Ashton's request to compel the production of unredacted responsive documents in response to Defendant's RFP Nos. 7 and 8 is **GRANTED**; and it is further

**ORDERED** that Plaintiffs shall produce the unredacted documents to Defendant no later than thirty (30) days from the entry of this Order.

s/ Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc:  Hon. Robert B. Kugler, U.S.D.J.